LUTER *et al. v.* BOARD OF SUP'RS OF WALTHALL COUNTY.

(Division A. May 29, 1939.)

[189 So. 94. No. 33728.]

Magee & Magee, of Monticello, for appellants.

**Mounger & Calhoun,** of Tylertown, for appellee.

Argued orally by **Breed O. Mounger**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellants, as taxpayers, filed their petition for a writ of mandamus against the board of supervisors of the county, alleging that the official bond of the chancery clerk of the county is wholly insufficient by reason of the fact, as alleged, that the sureties on said bond are all insolvent, and that it is the mandatory duty of the board of supervisors of the county to take at once all the necessary legal steps to require the said clerk to give a valid and solvent bond. The prayer of the petition is "for an order directing and commanding the Board of Supervisors of said County and State to give notice to the Chancery Clerk of said County as required by Section 2894, Code 1930, notifying him to appear before the Board at a time and place to be named within 10 days thereafter to show cause, if any he can, why he should not be required to give a legal, valid and solvent official bond," etc. The court sustained a demurrer and dismissed the petition.

The statute under which appellants have attempted to proceed, Section 2894, Code 1930, so far as concerns the provisions thereof material to the present inquiry, reads as follows: "In case the sureties, or any of them, of any . . . county officer shall permanently remove out of the state or become insolvent, or if, from any cause, an official bond shall be found insufficient, the . . . board of supervisors . . . shall notify such officer to appear, at a day and place to be named within ten days thereafter, to give a new bond," etc.

There is no allegation in the petition that any of the sureties have moved out of the state or have become insolvent since the execution of the bond. The allegation of the petition is that the sureties are now insolvent. The first requisite step, therefore, in proceeding under the statute in such a case as here alleged, is that the official bond ''shall be found insufficient,'' and this at once introduces the inquiry: Who is it that shall make the finding that the bond is insufficient? The answer to this question is fairly obvious, as we think, that the board of supervisors is the tribunal which must make this preliminary finding. There is no allegation in the petition that the board has made any such finding. On the contrary, the petition alleges that the board has declined to take any action whatever about the matter, although requested so to do.

Inasmuch as the issuance of the notice to the officer to appear must have as its essential foundation a preliminary finding by the board that the officer's bond is insufficient, and there being in this case no such finding, the writ of mandamus as here sought cannot be ordered. There is no suggestion that the circuit court, on evidence taken by the court, could order the board to find that the bond is insufficient—and, for this and other reasons it may be well admitted that our statutes are far from being efficient to adequately meet a case such as presented by this petition, but the responsibility therefor must rest with the legislature and not upon the courts.

We pretermit the question whether appellants as taxpayers are authorized to prosecute an action such as here presented, and we express no opinion on the several other questions discussed in the briefs, for the reason that the point mentioned in the three foregoing paragraphs is sufficient to dispose of the appeal.

Affirmed.